(Lucas County Court of Common Pleas.)

### JOHN CRAIG v. THE TOLEDO, ANN ARBOR AND NORTH MICHIGAN RAILROAD CO.

---

Where foreign executors are sued jointly with resident citizens, and service is obtained on them in the county, the question of the jurisdiction over their persons by the court may be raised by motion, and such motion does not constitute an entry of their appearance.

The Ohio statute authorizing suits against foreign executors is constitutional.

Where the court has jurisdiction over the subject-matter of the action, and service of process has been regularly obtained upon the foreign executor within the county, it is competent for the court to try the case, and its judgment will be valid and binding in the state of Ohio.

Ohio courts in the trial of causes are not called upon to inquire as to the effect of their judgments elsewhere, or as to the faith and credit that will be given them by the courts of other states.

A statute will not be held unconstitutional merely because it seems to be opposed to the spirit of the constitution or to violate the principles of republican government.

---

PRATT, J.

The action is one brought by John Craig, as judgment creditor of the Toledo, Ann Arbor and North Michigan Railroad Company, against that company and a large number of stockholders of the company, to enforce against the stockholders their liability as such to the creditors of the company.

The allegation in the petition in reference to these defendants is in substance, that Crouse was in his lifetime an owner of certain shares of stock; that he is now deceased, and that the defendants, Graves and Nottingham, are the executors of his estate.

The petition is in the ordinary form of petitions to enforce stockholders' liability; alleging that the company is an Ohio corporation; the insolvency of the corporation, etc. There is nothing whatever in the petition to show the residence of Crouse, or where the executors were appointed, or their residence.

Summons was issued to the sheriff of Lucas county, for Graves and Nottingham, as executors, and the summons returned as having been personally served upon them. A motion is filed by these executors for the purpose solely of objecting to the jurisdiction of this court over them, and asking that the service be set aside, and as grounds of the motion states:

1. That Crouse, before and at the time of his death, was a resident of Onondaga county, New York.

2.　That the will was probated and they appointed and qualified under the laws of New York.

3.　That the decedent left no property in Ohio.

4.　That defendants never were appointed in Ohio, and never, as such executors, had any property in Ohio.

5.　That they both reside in the state of New York.

The only proof adduced upon the hearing of this motion was the affidavit attached to the motion and sworn to by Nottingham, one of the executors.

No evidence was introduced upon the part of the plaintiff.

The first question made is, whether this motion is a proper manner of raising the question?

It is claimed upon the part of the plaintiff that the issue as to the facts upon which the motion is founded should be presented by a trial upon an answer to be filed in the case.　As to this I find that the petition makes a case against all the defendants; that is to say—on the allegations of the petition, all the parties charged as stockholders are proper parties.

The allegations that Crouse was a stockholder; that he is dead, and that Graves and Nottingham are his executors, make them proper parties, and summons was issued against and served upon them in Lucas county; which, on the face of the papers, shows a clear case—a proper suit and legal service against them in this county.

The allegations of the defendants to sustain their motion contain nothing in denial of any allegations of the petition, but allege other facts, outside of and independent of the petition, to show a wrongful attempt by the plaintiff to acquire jurisdiction over these defendants in this state and county.

In support of this position, that this question cannot be made and determined upon motion, the plaintiff cites and relies upon Drea v. Carington et al., 32 Ohio St. 595.　Counsel quotes, in his brief, the third, fourth and fifth clauses of the syllabus, but omits the second clause, which seems to me to have a bearing upon the question here, and which is as follows:

"In such case, where there are several defendants, against all of whom a good cause of action is alleged, some of whom are served in the county, and others reside and are served in another county than that where the suit is brought, the validity of the service of summons in such other county, and the jurisdiction of the court over the persons of the non-resident defendants, depend upon the truth of the allegations of the petition."

That case differs from the one now under consideration in that the jurisdiction there depended upon the truth of the allegations in the petition, and upon the truth of which depended the right of the plaintiff to recover in the case.　The action was brought for negligence charged against three persons, one of whom lived and was served in the county where the suit was brought; the other two lived and were served in another county. The right to serve the other two defendants—who were charged as jointly liable with him—in another county, depended upon the determination of the issue as to his liability.　The case was one at law, and the issue triable to a jury.　It was therefore impossible to separate the issue and for the court to try the question upon which the jurisdiction as to the two depended, without the intervention of a jury.

There are in this state other cases involving the question as to the hearing and determining of motions like this.　It has been the practice in this court, and, as will appear from an examination of cases decided in other parts of the state reported in the Bulletin, questions of this kind have been repeatedly raised and decided in the different inferior courts of

the state upon motion.    These decisions are not of any special authority; but there are some decisions of the Supreme Court which are in point.

Compton, Ault & Co. v. Wilder, 40 Ohio St. 130.    In that case a citizen of Pennsylvania, having been extradited and brought to Ohio upon a criminal charge, was sued in a civil suit and service made upon him while in Hamilton county.    He appeared in court only for the purpose of contesting its jurisdiction, and by motion asked the court to set aside the service made in the case.    The fact was that he was within the state of Ohio by virtue of the extradition, and therefore could not be sued while within the state by reason of such extradition.    The motion, therefore, must have been the method used for bringing in these facts which would not other-wise apear in the record before the court.

Andrews v. Lembeck, 46 Ohio St. 38.    In this case, a person attending court in a county other than that of his residence upon the hearing of an injunction, was sued and served in the county in which he was attending for that hearing.    The question of the validity of this service was heard upon motion, the summons quashed and the action dismissed.

No question seems to have been made in either of these cases as to a motion being the proper method of hearing and determining a question of jurisdiction.    It follows, in my judgment, that while the question of jurisdiction over the person might be raised by answer, properly framed for that purpose, yet that it is not the sole remedy, and that where the question could be raised by the bringing before the court the facts without raising an issue upon the allegations of the petition, the motion would be a proper means of reaching the question; and I hold this motion well taken, so far as its form is concerned, for the reasons:

1.    The facts here alleged in the motion do not make any issue on the allegations of the petition nor have any bearing on the merits of the case. The court in hearing and deciding this motion will not necessarily pass upon any of the facts which might determine or tend to determine the liability of defendants upon the merits in this case.    In this respect it differs from the case in 32 Ohio St.

2.    And, if it were such a question, yet this case still further differs from the case in 32 Ohio St. in that the issues would be triable to the court, and not to a jury.

3.    The affidavit as to the alleged facts could be met by counter-affidavits, or other evidence, oral or written, and the actual facts contested upon the hearing of the motion as fully as they could upon answer; and if it were error to so try this case, there could be no prejudice to the plaintiff, and his substantial rights would not be affected, and therefore the error would be immaterial.    (Sec. 5115, Rev. Stat.).

Again, the motion here made does not raise a question of the jurisdiction of the court over the subject-matter of the action, but only over the persons of these defendants.    This court has complete jurisdiction over the question of the liability of subscribers to or the holders of stock of insolvent Ohio corporations, without reference to the residence of the subscribers or stockholders.    The sole question here is, whether the court has failed to obtain jurisdiction of the persons of the defendants by reason of any of the matters set up in their motion.    This does not constitute an entry of their appearance, under the doctrine in the cases of Hardy v. Insurance Co., 37 Ohio St. 366; Elliott v. Lowhead, 43 Ohio St. 171; Railroad Co. v. McLean, 1 Cir. Ct. Rep. 112.

The bald, broad question, however, remains:  Has this court, by this service of summons, under the facts set forth in this motion, acquired jurisdiction of the persons of these defendants?  And I do not agree with the position taken by counsel for the plaintiff, that this is to be decided as on

demurrer; this is to be decided upon an issue made upon the facts alleged in the motion, and upon the evidence before the court.

Can the court, upon these facts, compel these defendants to appear here and submit to a trial and determination of the merits of the case?

In order to pass upon these questions the court must look (1), to the statutes bearing upon the question of the right to bring suit against these foreign executors in this county and state; (2), to the question argued as to the validity of these statute, and as to their extent and operation, if valid.

As to the first of these, I do not deem it material to enter into a review of the dates or order of the passage of these statutes originally. We have now upon the statute books sections 6129, 6130 and 6133, relating to foreign executors and administrators, and these are to be taken in connection with section 5030, providing for service upon non-residents. Briefly stated, these sections provide as follows:

Seciton 612. That foreign administrators and executors may be sued in Ohio.

Section 5030. Non-residents may be sued in any county where they may be found.

Section 6133. Foreign executors may bring suit in Ohio, the same as any other non-resident.

Section 6130. Provisions of statute in reference to residents shall apply to non-resident executors as to assets within the state.

In terms, there would seem to be no doubt that the legislature had conferred the power to sue and to serve foreign administrators or executors whenever they could be found and could be served within any county in the state of Ohio.

As to the second, the validity or operation of these statutes: A strong argument in favor of the statutes results from the fact that they have stood for forty years and more upon our statute books, and have never been adjudged unconstitutional, or even attacked, so far as I am advised, upon the question of their constitutionality.

Counsel have referred me, in argument, to but two cases in our courts in any way bearing upon these statutes, or upon the force or effect to be given to them.

Swearingen v. Morris, 14 Oiho St. 424. The opinion in this case was given by Judge Ranney, and on page 431, in the course of his opinion, he says:

"By the administration law, foreign executors and administrators may sue and be sued in this state, like those of our own appointment; thereby, in most cases, making it unnecessary that any ancillary administration should be instituted."

Williams' Administrator v. Welton's Administrator, 28 Ohio St. 451. In the opinion in this case, delivered by Johnson, J., it is said, on page 454, referring to the statutes providing for administration in this state on the assets of a non-resident in Ohio, as follows:

"The various statutes make ample provisions for the cases like the present, and fully warrant the remark of Ranney, J., in Swearingen v. Morris, 14 Ohio St. 431, he 'by the administration laws foreign executors and administrators may sue and be sued in this state like those of our own appointment.' "

It is very earnestly contended by counsel for defendants that the remarks of the court in these cases are mere dicta, and not binding upon this court. But, notwithstanding those cases differ materially from this, and the question of the constitutionality of these statutes was not then before the court, the fact that the Supreme Court, at these two different times,

and in the opinions of these very eminent judges, recognize these provisions without question, must necessarily have great weight with a common pleas court.    The principles of law upon which courts may disregard the legislative power, or set aside its acts, are comprehensively set forth by Judge Cooley in chapter VII of his work on Constitutional Limitations.    I need not quote from or undertake to enter to any extent into the discussions of this able author; but among the rules of law there clearly laid down—and which will be conceded without discussion—it may be said that no statute will be declared void merely because it may seem to be opposed to the spirit of the constitution or to violate the principles of republican government, and the decisions in our state have repeatedly and uninformly been in accord with this and other limitations well understood by all courts and lawyers.

Scott, C. J., in his opinion in the celebrated case of Walker v. Cincinnati, on page 41 of 21 Ohio St. and following, lays down these rules clearly and fully, and they have been followed in cases in this court too numerous to require even citation here.

All this will be clearly recognized by counsel in this case, but they have urged here as an answer that the legislative authority, whatever it may be within the state, is limited to the boundaries of its own territory, and Judge Cooley's work , page 149, is cited as a statement of general principles which will not be questioned.    All this, however, goes, not to the operation of the statute, not to the validity or constitutionality of the statute within the state, but to its operation and the effect of proceedings of the court under it outside of the state.

Counsel for defendants claim that the surest test as to the constitutionality of this statute would be the effect of the judgment, and that if it appears that the judgment would be ineffectual then that there is no jurisdiction in the court to render a judgment.    This I conceive to be the strongest argument made against the exercise of this jurisdiction here, and if the proposition were, that any judgment that should be rendered would not be valid or binding as between the parties within the state of Ohio, it would follow that the court should not do a vain thing, should not entertain jurisdiction to determine the results of facts or of law in order to render a judgment which would be of no effect whatever when rendered.    But it is not so clear that this court should stop to inquire what faith or credit would be given by the courts of any other state to a judgment rendered in this state.  Counsel for plaintiff claim that the argument here made should be addressed to the court of that state when this judgment should be sought to be enforced in some other state.    There are, in short, as it appears to me, two separate and distinct questions involved:

First—Whether the statute conferring the right to bring action against a foreign executor or administrator is unconstitutional and void, and therefore this court has no jurisdiction over these defendants, and—

Second—Whether any judgment that would be rendered here would be absolutely void in another state, and could not be even evidence of a claim against the defendants when they were sued upon such judgment in another state.

Those two questions seemed to me to be separable, and that if it is determined here that this court under this statute has acquired jurisdiction so that it can make any finding or render any judgment that shall be good in this state, as between these parties, that then we need not inquire what effect or credit would be given to that judgment in the courts of another state.

This court, now, in Ohio, is called upon to determine as to the liability of a stockholder in an Ohio corporation asserted by a citizen of Ohio

under the constitution and laws of this state; and this state, without a doubt has the right to inquire into and determine all questions affecting this liability as between these stockholders, or alleged stockholders, and the creditors of the company, provided, they have acquired jurisdiction over the persons of the alleged stockholders.

The legislature of Ohio may rightfully provide the conditions upon which its citizens may be called upon to answer in its courts to any claim made against them, and this power is not confined to its citizens or to its residents, but whoever comes within its territorial limits thereby subjects himself to the process provided by its statute, subject only to the limitations named in those statutes. The right to sue foreign administrators is not, by the terms of section 6129, limited to the prosecution of a foreign executor or administrator of a decedent who had property within the state; indeed, no one of the several grounds stated in this motion is made a condition on which a right of action is given by the section; and unless this court can declare this statute to be unconstitutional, it has no right either directly or in effect, to insert any such condition in the statute. ·

If I am correct in this, I do not think I ought to pass upon or determine any question as to the effect, if any, outside the territorial limits of Ohio, of any finding or judgment that may be rendered here. In my views as here expressed, I think I am sustained by certain decisions, while others are against me. I will briefly refer to some of these. These are, with one exception, foreign corporation cases, but service outside their state being like service upon foreign administrators or executors, dependent upon statute, are applicable here.

Bank v. Lacomb, 84 N. Y., 367. The action there was against a Louisiana corporation and brought in New York under a section of its code providing that an action might be brought against a non-resident "when the cause of action shall have arisen within the state." The case appears to have been stoutly contested as to the place where the cause of action arose. It was also claimed that because of certain judicial proceedings in Louisiana, rights had accrued to commissioners appointed by the court of that state which conflicted with the action of the New York court. The court says: "If the plaintiff has by its proceedings obtained an advantage against the law and the adjudication of Louisiana, it is a resident of that state, and as such—his fellow counsel contend—may be overhauled and made to account for what it has gained here. To that remedy, if it exists, the defendants may be properly remitted."

Pope Manufacturing Co. v. Terre Haute Car Co., 87 N. Y., page 137. The plaintiff there was a resident of New York, and the defendant an Indiana corporation. Suit was brought in New York and service made upon the president of the Car Company while temporarily within the state of New York and passing through on his way to a seaside resort. The New York code provided that "An action against a foreign corporation may be maintained by a resident of the state or a domestic corporation for any cause of action." The New York code provided that personal service might be made by delivering a copy of the summons to the president, etc. The Indiana corporation had no place of business in the state of New York, transacted no business in that state, and the president was not within that state on any business of the corporation, nor in his official capacity.

The court, in the course of its opinion, says: "It is for the legislature to determine what shall be a sufficient service of process for the commencement of an action, subject only to the limitation that the service must be such as may be reasonably expected to give the party proceeded against notice." And as to the effect of the judgment when rendered, the court further says: "A judgment to be rendered in an action thus com-

menced against a foreign corporation will be valid for every purpose within this state, and can be enforced against any property at any time found within this state—its effect elsewhere need not be determined. So here, a judgment rendered in this case would run against the estate of the decedent in the hands of his executor and good against any such estate that might at any time be found in Ohio, and it need not be determined what its effect would be elsewhere.

These two cases in New York were considered in the court of common pleas of Hamilton county, in the case of C., H. & D. R. R. Co. v. Emery, reported in the 17th Bulletin, 154. The decision was by Huston, Judge. A judgment was obtained in New York against the railroad company—which was an Ohio corporation having its principal office in Cincinnati, and having no office and no business in New York—in a suit brought against the company in New York, and service made upon the president of the company while temporarily, and not in any official capacity, within the state of New York. Suit was brought in Cincinnati to enjoin this judgment, upon the ground that it was wholly void for want of jurisdiction. In the course of its opinion the court, referring to the New York statutes, cites the above cases, in 84 and 87 N. Y., quoting more at length than I have quoted above from the latter case, and follows the decision of these New York courts. The court goes—as it was required there to do—further than is necessary for me here, and holds that the judgment rendered upon the service made in New York was a valid and binding judgment, and refused the injunction.

The case referred to by counsel in argument, Cady v. Ball, 21 Kansas, 557, though different in its facts, is still fairly entitled to be considered as in support of the rule laid down in New York and thus recognized by the Cincinnati court. The question made there was upon a motion to set aside service where the court had obtained jurisdiction of the defendants by attachment and publication. The question arose under a statute somewhat like ours providing for a suit against an executor or administrator; the only difference in fact between that case and this was, there property was found within the state, while here the person is so found; and the court holds that jurisdiction having been acquired to the extent of the property attached, that whether a judgment rendered upon such service had any extra-territorial force, it was not necessary to inquire, but that jurisdiction to any extent required the overruling of the motion to set aside the serivce.

As I have already said, there are decisions in conflict with those which I have referred to. The case cited by the counsel for defendant, of the American Bell Telephone Co., in the 29th Federal Reporter, in which it was held that under section 739 of the U. S. Statutes, a corporation in order to be "found" within a jurisdiction must be carrying on business in its own right within that jurisdiction. And Judge Wallace, in Good Hope Co. v. Barbed Fence Co, 22 Federal Reporter, 635, goes still further and holds that a corporation ought not to be "found" unless it is so far constructively present at the place where it is served with process that judgment against it will be respected everywhere and be given full force and efficiency in other jurisdictions. Judge Wallace also cites and disapproves of the case in 87 N. Y., and quotes as support of his decision a case in 24 N. J. on page 222, and approves a remark of that court made in reference to the New York case, that such a law is "so contrary to natural justice and the principles of international law that the courts of other states ought not to sanction it."

I have examined this New Jersey case, and find that the question before the court was only as to the faith or credit to be given by it to the

judgment of the state of New York under the statute brought in question in the case cited in the 87 N. Y., and it does hold, and upon the ground so quoted from it by Judge Wallace, that "such a service did not properly give jurisdiction to the court of New York so that courts of this state ought to treat a judgment thus obtained as binding here."

Judge Brewer, in a case in 32 Federal Reporter, page 434, also refers to and adopts the language of Judge Jackson used in the 29th Federal Reporter.

I dislike very much to criticise or fail to follow such high authority; but I certainly cannot hold any statute of Ohio unconstitutional on the ground that it is "contrary to natural justice or the principles of international law," although the New Jersey court did so hold. To do so would not only be to disregard the principles laid down by Judge Cooley in his work before referred to, but the whole line of decisions upon this subject of our own Supreme Court. To hold with Judge Wallace, that the courts of one state are to inquire and find, before they shall render a judgment, whether such judgment "will be respected every where and be in full force and efficiency in other jurisdictions," would be to lay upon them burthens not ordinarily recognized, and which, it seems to me, have not been, and in my opinion, ought not to be borne by them. It may be possible for the Federal courts to establish and follow such a rule, but it could not be possible for the great number of courts, of final and inferior jurisdiction, in the several states of the Union to do so.

It seems to me that each court should decide its own jurisdiction, and also as to the force and effect it will give to the judgments of other courts whenever they shall be brought before it.

I therefore, in this decision, adhere to the line which I have stated, and follow the authorities cited in support of the same, and I hold:

1. That I cannot find the statute of the state authorizing suits against foreign executors and administrators, to be unconstitutional.

2. This court, having jurisdiction over the subject-matter of the action, and service of process having been regularly made upon the defendants within this county, it is competent for this court to find as to the rights and liabilities between them and the other parties to the suit, and that such finding and the judgment based thereon will be valid and binding within the state of Ohio.

3. That this court is not now called upon, in this case, to inquire as to the effect of its judgment elsewhere, or as to the faith or credit that will be given it in the courts of any other state.

Holding these views, the motion of the defendants must be refused, without entering upon the consideration of any of the other poinst made, or authorities cited by counsel.

E. W. Tollerton, for plaintiff.

J. W. Cummings, for another creditor.

Brown & Geddes, for Ex'r of Crouse.